# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV00007

| | |
|---|---|
| WILLIAM F. MANNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) ORDER AND NOTICE TO PRO SE |
| vs. | ) PLAINTIFF OF DEFENDANT'S MOTION |
| | ) FOR SUMMARY JUDGMENT |
| JOHN E. POTTER, | ) |
| | ) |
| Defendant. | ) |

THIS MATTER is before the Court on its own motion following the filing of Defendant John E. Potter's "Federal Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment" (Doc. No. 13) filed November 17, 2004.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, of the heavy burden that he carries in responding to Defendant's Motion for Summary Judgment.

Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if Plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or

statements must be presented by Plaintiff to this Court no later than thirty (30) days from the date of this Order, or September 7, 2006, and must be filed in duplicate. As stated by Rule 56(e), Plaintiff's failure to respond may result in Defendant being granted the relief it seeks by way of summary judgment, that is, the dismissal of the Complaint with prejudice and an award for damages on Defendant's Counterclaims.

NOW THEREFORE, IT IS ORDERED:

1. The *pro se* Plaintiff shall have until September 7, 2006, to file his response, including any evidence, to Defendant's Motion for Summary Judgment.

2. The Clerk is directed to send copies of this Order and Notice to counsel for Defendant; and to the *pro se* Plaintiff, that is, William F. Manning, 1048-G Ashwood Court, Gastonia, North Carolina 28054.

SO ORDERED.

Signed: August 8, 2006

Frank D. Whitney
United States District Judge