# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:04-cv-00007-W

| | |
|---|---|
| WILLIAM F. MANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. No. 13), filed November 17, 2004; and Plaintiff's Motion for Reconsideration of the Decision of the EEOC (Doc. No. 16), filed January 11, 2005. Both motions have been briefed by both parties and are now ripe for disposition. For the reasons stated below, the Court will GRANT Defendant's Motion and DENY Plaintiff's Motion.

Initially, the Court notes that Plaintiff's Motion for Reconsideration of Decision by EEOC Administrative Judge (Doc. No. 16), filed January 11, 2005, is not a proper pleading, in that its contents and the relief sought are, in effect, duplicative of (and more appropriately set forth in) the allegations and causes of action within Plaintiff's Complaint. Accordingly, Plaintiff's motion is denied.

The facts in this case are largely undisputed. Plaintiff, an African-American male, claims that he was not selected for the position of Supervisor, Customer Service, because of his race. On July 21, 1997, Plaintiff contacted an EEO Counselor concerning his nonselection for the position, which Plaintiff contended was because of his race. Plaintiff timely filed an Administrative

Complaint of Discrimination on March 18, 1998.  An Administrative Law Judge ("ALJ") conducted a full hearing on March 6, 2001, and issued a bench decision finding in favor of Plaintiff on his race discrimination claim and awarding him four thousand dollars ($4,000) in compensatory damages, as well as back pay ($9,575.96) and interest ($1,949.30).  The Postal Service issued its Notice of Final Action on July 31, 2001, implementing the ALJ's decision.  On May 29, 2002, Plaintiff filed an appeal of the July 31, 2001, final agency decision with the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations.  The EEOC dismissed Plaintiff's appeal on October 28, 2003, as untimely filed.  Plaintiff filed this action on January 8, 2004.  (Doc. No. 1).

Federal regulations expressly require all federal employees to pursue their discrimination complaints within the Equal Employment Opportunity office of the federal agency that allegedly discriminated against them prior to filing in district court.  See Brown v. Gen. Servs. Admin., 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L. Ed. 2d 402 (1976) (holding that "[i]nitially, the complainant must seek relief in the agency that has allegedly discriminated against him."); see also 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . .").  Thereafter, a complainant may elect to pursue a suit in district court or to continue agency review of the complaint.  See 42 U.S.C. § 2000e-5; 29 C.F.R. §§ 1614.105, .407.

Because Plaintiff elected to seek initial review of the Postal Service's final agency decision by the EEOC, rather than by a district court, his equal employment discrimination claim must comply with  EEOC procedural requirements.  See Vinieratos v. United States, 939 F.2d 762, 768 n. 5 (9th Cir.1991) (noting that a timely appeal to the EEOC from the Postal Service's final agency decision is a "condition precedent [to the filing of an action] which a defendant may waive or be

estopped from asserting."). Pursuant to 29 C.F.R. 1614.402(a), Plaintiff had thirty (30) days after receiving the final agency decision to file his appeal with the EEOC. Failure to abide by this deadline requires that "the appeal *shall* be dismissed by the Commission as untimely." 29 C.F.R. § 1614.403(c) (emphasis added).

Plaintiff does not deny that the Postal Service put him on notice of the statutory time limit for an appeal to the EEOC in the notice-of-appeal forms attached to the final agency's decision issued July 31, 2001. In his notice of appeal to the EEOC, Plaintiff acknowledged he received the final agency decision on July 31, 2001. (Doc. No. 13, Exhibit D). Further, it is uncontested that Plaintiff filed his appeal to the EEOC of the final agency decision on May 29, 2002, which was three-hundred and two (302) days after he received the final agency decision. In fact, Plaintiff acknowledged to the EEOC that his appeal was untimely filed, yet he failed to offer any satisfactory explanation for the significant delay.[1] Thus, the EEOC properly dismissed Plaintiff's appeal.

This defect is fatal to Plaintiff's action in this Court, absent a finding that equitable tolling principles apply. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); see also Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir.2005) (determining that the 180-day time limit under Title VII was subject to equitable tolling); Zografov v. VA Medical Center, 779 F.2d 967, 968-69 (4th Cir. 1985) (concluding that thirty-day time limit under Title VII was subject to estoppel).

---

[1]Plaintiff argued to the EEOC that a car accident prevented him from timely filing his appeal. The car accident, however, occurred on February 8, 2002, well beyond the thirty day deadline for filing an appeal.

"As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir.2000). The Fourth Circuit in Rouse v. Lee explained that equitable tolling is available only in "'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" 339 F.3d 238, 246 (4th Cir.2003) (*en banc*) (quoting Harris, 209 F.2d at 330), cert. denied, 541 U.S. 905 (2004). Those rare instances include "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 96.

The instant suit is not one in which Plaintiff filed a defective pleading within the statutory time limit, nor does Plaintiff alleged Defendant engaged in any misconduct. Even if the Court were to excuse Plaintiff's tardy filing for a reasonable time period, the Court sees no reason to apply equitable tolling principles to reach the merits of Plaintiff's appeal where it was filed over *ten months* after the final agency decision.[2] Accordingly, equitable tolling principles are inapplicable here, and Plaintiff's Complaint must be dismissed.

This result is consistent with the statutory rules governing limitations periods in these types of suits. To conclude otherwise and consider the merits of Plaintiff's Complaint would result in

---

[2] At the March 23, 2007, hearing before this Court, Plaintiff, for the first time, asserted that he was awaiting some clarification or settlement offer from the agency. Counsel for the Government-Defendant acknowledged some informal discussions took place after the final agency decision. Notwithstanding Plaintiff's assertion, equitable tolling does not justify a 302 day time delay in filing a notice of appeal under these facts.

allowing *de novo* review of a final agency decision through the appeal of an EEOC decision dismissing the appeal as untimely. If the Court were to reach the merits of the appeal, the Court would essentially eradicate the requirement that appeals to the EEOC be timely filed. The EEOC did not reach the merits of Plaintiff's appeal, and Plaintiff will not be permitted to skirt the filing requirements set forth by Congress simply to receive *de novo* review by the district court.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. No. 13) is GRANTED and Plaintiff's Complaint is DISMISSED. Plaintiff's Motion for Reconsideration of Decision by EEOC is DENIED. The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

Signed: March 26, 2007

Frank D. Whitney
United States District Judge